RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0073p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

FRANK MCKENNA,

                   *Plaintiff-Appellant*,

     *v.*

DILLON TRANSPORTATION, LLC,

                   *Defendant-Appellee*.

No. 23-5568

───────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:22-cv-00129—Waverly D. Crenshaw, Jr., District Judge.

Argued: March 21, 2024

Decided and Filed: April 2, 2024

Before: GRIFFIN, THAPAR, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

───────────────

**ARGUED:** Gary D. Copas, Nashville, Tennessee, for Appellant. Jeffrey E. Cox, LAW OFFICE OF SEATON & HUSK, LP, Vienna, Virginia, for Appellee. **ON BRIEF:** Gary D. Copas, Nashville, Tennessee, for Appellant. Jeffrey E. Cox, Henry E. Seaton III, LAW OFFICE OF SEATON & HUSK, LP, Vienna, Virginia, for Appellee.

───────────────

## OPINION

───────────────

NALBANDIAN, Circuit Judge. HireRight, LLC is a consumer reporting agency that collects information about truck drivers and then provides that information to employers who are thinking about hiring those drivers. Defendant Dillon Transportation, LLC gave HireRight a report about one of its former drivers, Plaintiff Frank McKenna. McKenna later sued Dillon for

defamation based on the report. On summary judgment, the district court found that the Fair Credit Reporting Act preempted McKenna's claim. The court also refused to defer its ruling to let McKenna obtain additional discovery. McKenna appeals, but finding no error, we AFFIRM.

**I.**

Dillon Transportation, LLC is a motor carrier. Dillon employed Frank McKenna as a truck driver. After McKenna's tractor trailer overturned around January 5, 2017, Dillon fired him in February 2017. Dillon later submitted a "DAC Report" about McKenna to a company called HireRight, LLC. R.22-4, Koharik Affidavit, p. 1, PageID 181.[1] Employers like Dillon subscribe to HireRight's services so they can use DAC Reports to perform background checks on driver applicants.

Dillon stated that McKenna had an unsatisfactory safety record and noted that he had been involved in an accident—information available to anyone who viewed HireRight's report. But according to HireRight's records, no motor carriers have requested McKenna's DAC report. McKenna himself admitted he could not show that any carrier had requested the report.

In February 2022, McKenna sued Dillon under state law for defamation and tortious interference with a business relationship. McKenna contends that, to the extent that the report implies that he was responsible for the January 2017 accident and had an unsafe driving record overall, it was defamatory and resulted in his inability to secure later employment. After some discovery, Dillon moved for summary judgment. Dillon argued that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, preempted McKenna's claims.

McKenna responded that a Department of Transportation regulation, 49 C.F.R. § 391.23, applied instead and permitted his defamation claim. McKenna also moved to defer consideration of the motion under Federal Rule of Civil Procedure 56(d) so he could obtain documents about McKenna's accident that Dillon sent to its insurance carrier. In support, McKenna's attorney asserted that any communication to the insurer blaming McKenna for the accident "would be false and injurious to [McKenna's] reputation." R.32-1, Copas Decl., p. 5, PageID 544.

---

[1] "DAC Report" apparently means "Drive-A-Check Report." Appellant Br. at 7.

The district court granted summary judgment, concluding that McKenna's claims were preempted by the Fair Credit Reporting Act. The district court also decided that more discovery was unnecessary because McKenna was not diligent, and the discovery sought "has no bearing and doesn't change the outcome on summary judgment." R.42, Tr., pp. 35–36, PageID 629–30.

## II.

This case involves two issues: First, does the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended, preempt McKenna's defamation claim?[2] Second, did the district court abuse its discretion in refusing McKenna additional discovery before summary judgment?

### A.

We start with the Fair Credit Reporting Act (FCRA) and review the district court's grant of summary judgment de novo. *Cash-Darling v. Recycling Equip., Inc.*, 62 F.4th 969, 974–75 (6th Cir. 2023). The FCRA provides that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). In addition, it prohibits states from imposing a requirement or prohibition "with respect to any subject matter regulated under" § 1681s-2. 15 U.S.C. § 1681t(b)(1)(F).[3] We have concluded that § 1681t(b)(1)(F) "preempts state common law claims involving a furnisher's reporting of information to consumer reporting agencies." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 519 (6th Cir. 2019).

This preemption clause applies here. The district court found that, under the FCRA, McKenna was a consumer, HireRight was a consumer reporting agency, and Dillon was "a furnisher or provider of information." R.42, Tr., p. 32, PageID 626. McKenna does not contest those findings on appeal. We agree that "consumer reporting agency" generally includes companies like HireRight that sell employment-history reports. *See* 15 U.S.C. § 1681a(d), (f); *Maiteki v. Marten Transp. Ltd.*, 828 F.3d 1272, 1273 (10th Cir. 2016) (calling HireRight a

---

[2]McKenna abandoned his tortious interference claim before the district court. And on appeal, he asks us to reverse summary judgment on only the defamation claim.

[3]15 U.S.C. § 1681t(b)(1)(F) provides two exceptions, but neither is relevant.

consumer reporting agency).  So, on its face, § 1681t bars McKenna's defamation suit, since it preempts state causes of action based on providing information to HireRight.

McKenna points to a different source of law that he says authorizes his lawsuit.  A federal regulation requires motor carriers to investigate a driver's "safety performance history with Department of Transportation regulated employers" when they hire that driver.  49 C.F.R. § 391.23(a)(2).  Presumably to facilitate the flow of truthful information, the regulation generally preempts certain state-law claims against the motor carriers and the providers of the information that could arise out of the furnishing of those safety performance records.  § 391.23(l).  That preemption clause closely resembles the governing statute, 49 U.S.C. § 508, which provides:

> Limitation on liability.  No action or proceeding for defamation, invasion of privacy, or interference with a contract that is based on the furnishing or use of safety performance records in accordance with regulations issued by the Secretary may be brought against—
>
> > (1) a motor carrier requesting the safety performance records of an individual under consideration for employment as a commercial motor vehicle driver as required by and in accordance with regulations issued by the Secretary;
> >
> > (2) a person who has complied with such a request; or
> >
> > (3) the agents or insurers of a person described in paragraph (1) or (2).

§ 508(a).[4]  But importantly, unlike the FCRA, § 508 does not exempt from suit those "who knowingly furnish false information."  § 508(b)(3).  Because his case involves a motor carrier, McKenna argues that his suit can be brought under this statute.

McKenna's argument runs into several problems.  First, § 508(a) protects a person supplying safety performance records "of an individual under consideration for employment."  No motor carriers requested McKenna's DAC report, so for purposes of the statute he may never

---

[4]49 C.F.R. § 391.23(l) was promulgated in response to the enactment of 49 U.S.C. § 508.  *See* Transportation Equity Act for the 21st Century, Pub. L. 105-178, § 4014, 112 Stat. 107, 410 (1998) (codified at 49 U.S.C. § 508); Safety Performance History of New Drivers, 68 FR 42339, 42350, 42359–60 (July 17, 2003) (supplemental notice of proposed rulemaking); Safety Performance History of New Drivers, 69 FR 16684, 16721 (March 30, 2004) (final rule, codified at 49 C.F.R. pts. 390–391).  While McKenna looks primarily to the regulation, we focus on the statute, which has the same operative terms.

have been "under consideration."  Second, we are not confident that McKenna created a genuine issue of fact about whether Dillon acted "knowingly," as opposed to negligently.[5]

But even if § 508 covers McKenna, that still leaves the FCRA preemption provision. McKenna responds that we should harmonize the two preemption statutes by giving priority to the more specific statute, essentially reading § 508 to create an exception to 15 U.S.C. § 1681t. Appellant Br. at 25–27.  Granted, we've said, "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."  *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021) (emphasis omitted) (quoting *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974)).  This general-specific canon applies to statutes with conflicting provisions and statutes with "a specific provision that is swallowed by [a] general one."  *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).  So conflict between the relevant provisions is key.

And in this vein, the Supreme Court has cautioned that "repeals by implication are not favored."  *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (quoting *Morton*, 417 U.S. at 549).  "Presented with two statutes, the Court will regard each as effective— unless Congress' intention to repeal is clear and manifest, or the two laws are irreconcilable."  *Id.* (cleaned up).  An implied repeal has occurred when "the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'"  *Carcieri v. Salazar*, 555 U.S. 379, 395 (2009) (quoting *Branch v. Smith*, 538 U.S. 254, 273 (2003) (plurality opinion)).  But when statutes complement each other, because "each has its own scope and purpose," courts should let them operate side-by-side.  *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 115 (2014).

The two preemption statutes here complement each other, so they can coexist.  15 U.S.C. § 1681t stops states from regulating false reports to consumer reporting agencies, including agencies that provide background checks.  49 U.S.C. § 508 blocks specific causes of action against those who answer a motor carrier's request for employment information.  One regulates the consumer reporting industry.  Another regulates the hiring of commercial drivers.

---

[5]We are not even certain that 49 U.S.C. § 508(a)(2) covers an employer who uses a third-party intermediary like HireRight.  In that situation, who "complie[s] with" requests for records as they arise?  The original source of the records (Dillon), the immediate source of the records (HireRight), or both?

The statutes have different textual purposes and scopes, and neither swallows the other. Communications between motor carriers about driver applicants would only fall under § 508. And only 15 U.S.C. § 1681t would cover cases without a request for records or an individual under consideration for employment. That the FCRA is a more general law that covers more conduct than 49 U.S.C. § 508 doesn't change this. Greater specificity only matters if two complementary acts cannot be implemented at the same time. *POM Wonderful*, 573 U.S. at 118. And the statutes do not conflict—one simply provides more protection for companies in Dillon's position. So we give both statutes full effect rather than resorting to the specific-general canon. Dillon can invoke one preemption clause even if it cannot invoke the other.

McKenna makes several arguments to the contrary, but none are persuasive. He invokes the *in pari materia* canon. But even if we applied the canon and read the two statutes "as if they were one law," *United States v. Soto*, 794 F.3d 635, 654 (6th Cir. 2015) (quoting *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006)), we would still give each provision its full effect. McKenna also appeals to the Secretary of Transportation's authority to enforce the FCRA. *See* 15 U.S.C. § 1681s(b)(1)(C). But the Secretary's authority, however great, cannot alter the plain meaning of 15 U.S.C. § 1681t. And McKenna's argument that the district court misunderstood 49 C.F.R. § 391.23 is ultimately irrelevant to our ruling. Because § 1681t preempts McKenna's claim, we need not decide whether the regulation also applies to him.

**B.**

McKenna argues that the district court should not have ruled on Dillon's summary judgment motion until Dillon produced documents that it sent to its insurance carrier about McKenna's accident. Appellant Br. at 27–28. We review a district court's ruling on a motion under Federal Rule of Civil Procedure 56(d) for abuse of discretion. *Doe v. City of Memphis*, 928 F.3d 481, 486 (6th Cir. 2019).

A party cannot oppose summary judgment by asking to develop a new claim that does not appear in the pleadings. Parties are not entitled to use discovery "to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment; *see also* Wright & Miller, *Federal Practice & Procedure*

§ 2008 (West 2023) (discussing the committee note). Nor can a plaintiff oppose summary judgment by asserting new claims. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007). It follows that parties cannot postpone summary judgment by requesting supplemental discovery on a new claim. This fits our precedent that district courts can deny a Rule 56(d) motion that asks for irrelevant discovery. *See Doe*, 928 F.3d at 490.

The district court did not err in denying McKenna's motion. McKenna wanted documents that Dillon sent to its insurer. The problem is that McKenna's complaint alleged that Dillon defamed him to prospective employers. *See* R.1, Compl., pp. 6–7, PageID 6–7. It never mentioned Dillon's insurer. So the complaint provided no notice that McKenna's claims related to communications with the insurer. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (stating that factual allegations in the complaint must give sufficient notice to the defendant). McKenna sought discovery on a new claim, and the district court rightly rejected that request.

**III.**

For all these reasons, we AFFIRM the grant of summary judgment.